**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDRAY MCWILLIAMS,

     **Plaintiff,**

v.                                                    **Case No.: 8:25-cv-03445-MSS-AAS**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, AND UNITED STATES,

     **Defendants.**
_____/

**ORDER**

Defendants Equal Employment Opportunity Commission (EEOC) and the United States (collectively, the defendants) move the court to order Mr. McWilliams to plead a more definite statement. (Doc. 16). Mr. McWilliams opposes the defendants' motion. (Docs. 20, 21).

**I.     BACKGROUND**

Mr. McWilliams sued the EEOC in Hillsborough County, Florida, for alleged negligence, intentional infliction of emotional distress, and violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101. (Doc 1). In response, the EEOC removed the case to this court and moved to dismiss Mr. McWilliams's complaint for lack of jurisdiction and failure to state a claim. (Doc. 4). Mr. McWilliams filed an amended complaint, adding the United

States as a defendant and alleging violations of the Fifth Amendment to the United States Constitution, the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 552, 702, 704, 706, and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2672, 1674, 2675. (Doc. 5).

The court denied as moot the EEOC's motion to dismiss. (Doc. 13). The defendants now move the court to order Mr. McWilliams to plead a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, and to direct Mr. McWilliams to comply with Rule 8, Federal Rules of Civil Procedure. (Doc. 16).

## II.    DISCUSSION

### A.    Motion for a More Definite Statement

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing claims, courts apply the plausibility standard outlined in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

A party may move for a more definite statement when a pleading's lack

of clarity makes it unreasonable to prepare a response. Federal Rule of Civil Procedure 12(e). The court "employs notice pleading and therefore, motions for a more definite statement are disfavored." *Scarfato v. National Cash Reg. Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1992). "Moreover, a motion for a more definite statement is not to be used as a substitute for discovery." *Mills v. MJ Emp. Servs., Inc.*, No. 5:09-CV-15-OC-10GRJ, 2009 WL 10670479, at *1 (M.D. Fla. Apr. 22, 2009). However, the court will grant such a motion when a pleading fails to satisfy the minimal federal pleading requirements. *Extreme Crafts VII, LLC v. Cessna Aircraft Co.*, No. 10-80292-CIV, 2010 WL 11561180 (S.D. Fla. Dec. 6, 2010); *R.W. v. Sch. Bd. Of St. Lucie Cnty., Fla.*, No. 15-14300-CIV, 2015 WL 13877890, at *1 (S.D. Fla. Nov. 9, 2015) (explaining that "[c]ourts typically grant motions under Rule 12(e) for 'shotgun' pleadings, in which it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" (quoting *Anderson v. District Bd. Of Tr. of Cent. Florida Cmty Coll.*, 77 F.3d 364, 366 (11th Cir. 1996))); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

The purpose of this standard is for the defendants to "discern what [the plaintiff] is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). "Complaints that do not meet this standard are termed 'shotgun pleadings,' and the Eleventh Circuit has

consistently condemned such pleadings . . ." *Charlemagne v. Fla.*, No. 23-24533-CIV, 2024 WL 2093646 (S.D. Fla. Apr. 16, 2024) (quoting *Davis v. Coca-Cola Bottling Co. v. Consol*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008)); *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their case to be heard." *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023) (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

There are four types of shotgun pleadings:

The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type…is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of failing to separate each cause of action or claim for relief into distinct counts. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is

brought against.

*Weiland*, 792 F.3d at 1321–23 (footnotes omitted).

Mr. McWilliams's amended complaint is the second type of shotgun pleading, as it consists mainly of conclusory and vague allegations, along with immaterial factual assertions that are not meaningfully linked to a cognizable cause of action. In addition, the amended complaint is illustrative of the fourth type of shotgun pleadings as it asserts multiple claims against multiple defendants but fails to specify which defendants allegedly committed which acts or omissions, or against whom each claim is brought.

In subsection A of his amended complaint, Mr. McWilliams alleges that he suffered a stroke, was transported to a psychiatric ward, and thereafter remained wheelchair-bound and subject to various impairments. (Doc. 5). Following these general factual assertions, Mr. McWilliams broadly accuses the EEOC of failing to provide "meaningful accommodations, relocation assistance, mediation, or support to preserve [his] career." (Doc. 5). Mr. McWilliams does not allege what specific accommodations were requested, when such requests were made, who within the EEOC was responsible for responding to them, or how the alleged failures violated any particular statutory or legal duty. As pleaded, these allegations amount to legal conclusions unsupported by factual content sufficient to connect the asserted

5

conduct to a cognizable cause of action.

In subsection B, Mr. McWilliams recounts a sequence of communications concerning EEOC filing deadlines. (Doc. 5). However, he does so without identifying the alleged speakers, their authority, or the agency on whose behalf they purportedly acted. The pleading also fails to allege facts showing reasonable reliance or explaining how any of the defendant's conduct caused the loss of a cognizable claim. Finally, subsection C is directed at alleged conduct by the USPS and the USPS postmaster, neither of whom is a defendant. (Doc. 5).

Each of the six counts asserted in the complaint suffers from fundamental pleading deficiencies. In Counts I through V, Mr. McWilliams incorporates all preceding paragraphs without identifying which factual allegations support which claim for relief. (Doc. 5). As a result, it is nearly impossible to discern which allegations of fact are intended to support which legal theory. The counts include vague facts and conclusory statements that the EEOC and USPS caused harm. (Doc. 5). This manner of pleading exemplifies the type of shotgun pleading repeatedly condemned.

In Count VI, Mr. McWilliams does not assert an independent cause of action. Instead, he argues that the defendants acted outside their statutory authority and in a manner that deprived him of constitutional rights, and that

6

such conduct is "fully reviewable." (Doc. 5). As pleaded, Count VI functions as a legal argument rather than a cognizable claim for relief and further contributes to the unintelligibility of the complaint. Furthermore, Mr. McWilliams does not clarify which "Defendant" he refers to in this count. (Doc. 5).

For the aforementioned reasons, Mr. McWilliams's amended complaint is an impermissible shotgun pleading that fails to give the defendants adequate notice of the claims against them and the grounds for such claims.

**B.      Information Needed to Demonstrate Proper Venue**

"A court may raise the issue of venue sua sponte." *Ashbury v. Arriaga*, No. 8:25-CV-162-TPB-TGW, 2025 WL 756591, at *3 n. 1 (M.D. Fla. Feb. 20, 2025). In a civil action against the United States or United States agency, proper venue must be brought in one of the following jurisdictions unless otherwise provided by law: (A) where "a defendant in the action resides, . . ." (B) where "a substantial part of the events or omissions giving rise to the claim occurred, . . ." or (C) where "the plaintiff resides . . ." 28 U.S.C. § 1391(e)(1).

Here, the EEOC is headquartered in the District of Columbia, and Mr. McWilliams resides in Canal Point, Florida, in the Southern District of Florida. (Docs. 1, 5, 7). Accordingly, venue in the Middle District of Florida is proper only if a substantial part of the events or omissions giving rise to Mr.

McWilliams's claims occurred within this district. Because the amended complaint does not allege facts sufficient to permit the court to determine whether venue is proper, Mr. McWilliams must include additional factual information addressing venue in his amended pleading.

## III.    CONCLUSION

Accordingly, the defendant's motion for a more definite statement (Doc. 16) is **GRANTED**. By **February 27, 2026,** Mr. McWilliams must file a properly pleaded second amended complaint that includes information sufficient to determine whether venue is proper.

**ENTERED** in Tampa, Florida, on February 2, 2026.

_____

AMANDA ARNOLD SANSONE
United States Magistrate Judge

8