UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRAY MCWILLIAMS,

     **Plaintiff,**

v.                                   **Case No. 8:25-cv-03445-AAS**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, et al.,

     **Defendants.**

_____/

## ORDER

Defendant, the Equal Employment Opportunity Commissioner (EEOC), moves to dismiss Plaintiff Andray McWilliams's second amended complaint. (Doc. 44). Mr. McWilliams responded in opposition to the EEOC's motion to dismiss. (Docs. 50, 51).

## I.    BACKGROUND

Mr. McWilliams filed this civil action against the EEOC in the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida. (Doc. 1). The EEOC removed the action to this court and moved to dismiss Mr. McWilliams's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 8(a). (Doc. 4). Mr. McWilliams filed an amended complaint and

added the United States as a defendant, and the court denied as moot the EEOC's motion to dismiss. (Docs. 5, 11).

The EEOC then moved for a more definite statement as to Mr. McWilliam's amended complaint. (Doc. 16). The court granted the motion, finding Mr. McWilliams's amended complaint was an impermissible shotgun pleading. (Doc. 22). The court also noted Mr. McWilliams's amended complaint did not include information to determine whether venue is proper in Tampa, Florida. (*Id.*). The court directed Mr. McWilliams to file a properly pleaded second amended complaint that includes information sufficient to determine whether venue is proper by February 27, 2026. (*Id.*). Mr. McWilliams timely filed a second amended complaint removing the United States as a defendant and adding an unidentified "John Doe," and filed twelve other motions and documents. (*See* Docs. 28–40). The EEOC again moved to dismiss Mr. McWilliams's second amended complaint. (Doc. 44). Mr. McWilliams filed his response in opposition to the motion to dismiss, a memorandum of law, and ten additional motions and documents. (*See* Docs. 47–58).

The EEOC's motion to dismiss Mr. McWilliams's second amended complaint raises these four arguments: (1) the court lacks jurisdiction because the state court lacked jurisdiction; (2) the court lacks subject matter jurisdiction; (3) the second amended complaint fails to state a claim upon which

relief can be granted; and (4) the second amended complaint is a shotgun pleading. (Doc. 44).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to assert the defense of lack of subject-matter jurisdiction by motion. The plaintiff bears the burden of demonstrating the court has subject-matter jurisdiction to grant the relief he requests. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Plaintiff must establish subject-matter jurisdiction before a case may proceed on the merits. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Mere naked assertions, too, are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

## III.   ANALYSIS

### A.  Jurisdiction

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A district court may hear a case only if it is authorized to do so through a congressional grant of subject-matter jurisdiction. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–02 (1982). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for A Better Env't,* 523 U.S. 83, 94–95 (1998) (citation omitted). "'The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the

suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1975) (citation omitted); *Meyer*, 523 U.S. at 475.

This case began in Hillsborough County Circuit Court before its removal under 28 U.S.C. § 1442(a)(1). Upon removal under 28 U.S.C. § 1442, the jurisdiction of the federal court is derivative of that of the state court. *See Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). The doctrine of derivative jurisdiction applies only with respect to subject-matter jurisdiction. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1317 (11th Cir. 2021). If the state court lacks subject-matter jurisdiction, the federal court acquires none upon removal. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). When the derivative jurisdiction doctrine applies, courts are encouraged to dismiss the case, not remand it. *See W. Coast Grp. Enterprises, LLC v. Darst as Tr. of G.A. Darst Equity Tr.,* 561 F. Supp. 3d 1180, 1185 (M.D. Fla. 2021) (citing *Barrett v. United States Postal Serv.*, No. 20-60156-CV-ALTMAN, 2020 WL 2764265, at *2 (S.D. Fla. Feb. 10, 2020)).

The Hillsborough County Circuit Court lacked subject matter jurisdiction over Mr. McWilliams's claims. The United States has not waived sovereign immunity to allow the EEOC to be sued in state court for its alleged charge-processing actions. *See Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012). Because the state court lacked subject-matter jurisdiction, this court also lacks jurisdiction over the case.

5

Even if Mr. McWilliams had originally brought his lawsuit in this court, this court would still lack subject matter jurisdiction because Congress has not consented to suits against the EEOC in Federal court under these circumstances. The United States cannot be sued unless sovereign immunity has been waived by statute. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). The doctrine applies to suits in which the United States is the named defendant as well as to suits in which a federal agency or its officials are the named defendants. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963). Mr. McWilliams's second amended complaint fails to identify any statutes that waived sovereign immunity. Thus, this court lacks jurisdiction.

## B. Failure to State a Claim

To state a cognizable claim, Mr. McWilliams must demonstrate that Congress granted a right of action against the defendants. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Title VII enforcement provisions do not create a cause of action against the EEOC for an alleged failure to properly address discrimination complaints. *See Irwin v. Miami-Dade Cnty. Pub. Sch.*, 398 Fed. App'x 503, 506 (11th Cir. 2010); *Hill v. Brownlee*, 180 Fed. App'x 891, 891 (11th Cir. 2006). Title VII creates a cause of action for victims of discrimination, but that claim is only against the employer, not the investigating party. *See Occidental Life Ins. Company v. EEOC*, 432 U.S. 355, 365–66 (1977).

Mr. McWilliams alleges a variety of claims against the EEOC, including violations of the 1st, 4th, 5th, 9th, 10th, and 14th Amendments. (*See* Doc. 28, pp. 1, 8–17, 19–20). However, Mr. McWilliams cannot state a claim against the EEOC or its employees under the Constitution because no constitutional right is implicated by the EEOC's investigative, non-adjudicatory procedures at issue here. *See Georator Corp. v. EEOC*, 592 F.2d 765, 768–69 (4th Cir. 1979); *Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 18 (1st Cir. 1979); *Adams v. EEOC*, 932 F. Supp. 660, 665 (E.D. Pa. 1996); *Forbes v. Reno*, 893 F. Supp. 476, 483 (W.D. Pa. 1995), *aff'd*, 91 F.3d 123 (3d Cir. 1996). Thus, Mr. McWilliams's second amended complaint fails to state a claim upon which relief can be granted.

### C. Shotgun Pleading

Mr. McWilliams's complaint is an impermissible shotgun pleading because multiple counts incorporate the same set of facts and preceding complaints. (*See* Doc. 28). Shotgun pleadings "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four main types of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before

7

and the last count to be a combination of the entire complaint; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.* at 1321–23.

Mr. McWilliams's second amended complaint violates the prohibition against shotgun pleadings and contains the same violations as his first amended complaint. For instance, rather than clarifying existing counts, the second amended complaint adds alleged violations of the Constitutional Amendments. Mr. McWilliams's second amended complaint consists of conclusory and vague allegations, along with immaterial factual assertions that are not meaningfully linked to a cognizable cause of action. Mr. McWilliams also asserts multiple claims against the defendants but fails to specify which defendants allegedly committed which acts or omissions, or against whom each claim was brought. Thus, Mr. McWilliams's second amended complaint demonstrates the fourth type of shotgun pleading.

In addition, Mr. McWilliams's second amended complaint refers to multiple actors as defendant "John Doe," rendering him completely unidentifiable. (*See* Doc. 28, p. 6). In one instance, it appears John Doe is Mr.

8

McWilliams's former USPS supervisor (Doc. 28, p. 4, ¶ C.1); in another, John Doe failed to "initiat[e] the interactive judicial process" (Doc. 28, p. 5, ¶ 5), an apparent reference to the instant judicial proceeding.[1]

The 11th Circuit requires an "unambiguous description of a defendant that enables service of process." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020). Courts routinely dismiss John Doe defendants when descriptions are too generic or vague. In *Richardson v. Johnson*, the 11th Circuit affirmed dismissal where a prisoner's complaint described a guard only as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute," finding this "insufficient to identify the defendant among the many guards employed at CCI." 598 F.3d 734, 738 (11th Cir. 2010). Similarly, in *Vielma*, descriptions ranging from "male detective" to "a middle-aged white male" officer were deemed insufficient. 808 F. App'x at 880.

As for venue, Mr. McWilliams's second amended complaint states that "Defendant is a Federal Agency under the laws of the Constitution having its place of business in a State of Florida located in Tampa, FL," and "[v]enue is proper in this Court pursuant to 28 U.S. Code § 1391(b)(1) and § 1343. Civil rights and elective franchise, and Fla. Stat. § 47.011." (Doc. 28, p. 2, ¶¶ 4, 6).

---

[1] To the extent John Doe is an employee of the EEOC, any claims against him are treated as claims against the government agency itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

9

However, "venue in the Middle District of Florida is proper only if a substantial part of the events or omissions giving rise to Mr. McWilliams' claims occurred within this district." (*See* Doc. 22, pp. 7–8 (citing 28 U.S.C. § 1391(e)(1)). Mr. McWilliams failed to follow this court's instruction to "include additional factual information addressing venue." (Doc. 28). However, the court will not transfer this case because it lacks jurisdiction. *See Couture v. Austin*, 720 F. Supp. 3d 1243, 1251 (M.D. Fla. 2024) (denying request to change venue as moot when granting motion to dismiss under Fed. R. Civ. P. 12(b)(1)); *Alfonso v. Res. Ctrs., LLC*, No. 5:13-cv-411-OC-10PRL, 2014 WL 4674057, *5 n.4 (M.D. Fla. Sept. 18, 2014).

## IV.   CONCLUSION

It would be futile to allow Mr. McWilliams to amend his complaint again. Mr. McWilliams has amended his complaint twice, and the court lacks subject matter jurisdiction over Mr. McWilliams's claims. Under the current set of facts, Mr. McWilliams cannot assert a viable claim against the defendants. Accordingly, the motion to dismiss (Doc. 48) is **GRANTED**. Mr. McWilliams's second amended complaint is **DISMISSED with prejudice**.[2] The Clerk is

---

[2] "The grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal of a shotgun pleading with prejudice for a repeated pleading defect is warranted "where the plaintiff was previously given an opportunity to amend the complaint to correct the defect but failed to so." *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1222 (S.D. Fla. 2019); *see also Amin v. Pepperman*, No: 8:23-cv-02345, 2023 WL 8018864 at *1 (M.D. Fla. Nov. 20, 2023) (dismissing pro se plaintiffs' second amended complaint with

directed to enter Judgment for the defendants, terminate any pending motions and deadlines, and close this case.

**ORDERED** in Tampa, Florida, on March 25, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

prejudice because it was a shotgun pleading, and failed to correct the defects of the prior complaints, also shotgun pleadings).

11